Leonard M. Shulman - Bar No. 126349
Lynda T. Bui – Bar No. 201002
Brandon J. Iskander - Bar No. 300916
**SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:  LShulman@shbllp.com;
LBui@shbllp.com;
BIskander@shbllp.com

Attorneys for Sam S. Leslie, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**LEVON ISADZHANYAN**<br>**dba LSI GENERAL ENGINEERING &**<br>**CONSTRUCTION COMPANY,**<br><br>Debtor.<br><br>**SAM S. LESLIE, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of LEVON ISADZHANYAN,**<br><br>Plaintiff,<br><br>vs.<br><br>**NINA ALABERDYAN, an individual,**<br><br>Defendant. | Case No. 2:17-bk-21775-BB<br><br>Chapter 7<br><br>Adv No. 2:18-ap-01430-BB<br><br>**NOTICE OF EARLY MEETING OF COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 7026-1**<br><br>**Status Conference**:<br>Date:  February 12, 2019<br>Time:  2:00 p.m.<br>Place:  Courtroom 1539<br>  United States Bankruptcy Court<br>  255 E. Temple Street<br>  Los Angeles, California 90012 |

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5425-500/Isadzhanyan (Leslie v. Alaberdyan)

1

**TO THE DEFENDANT:**

**PLEASE TAKE NOTICE** that pursuant to the provisions of Local Bankruptcy Rule 7026-1, an early meeting of counsel, amongst others exchanges, is required in the above-entitled matter. Local Bankruptcy Rule 7026-1(a) states "Compliance with FRBP 7026 and this rule is required in all adversary proceedings."

Federal Rule of Bankruptcy Procedure 7026 states that "Rule 26 F.R.Civ.P. applies in adversary proceedings." The relevant portions of the Federal Rule of Civil Procedure 26 provides as follows:

(f) CONFERENCES OF THE PARTIES; PLANNING FOR DISCOVERY.

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and the basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5425-500/Isadzhanyan (Leslie v. Alaberdyan)

2

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other order that the court should issue under Rule 26(c) or under rule 16(b) and (c).

With respect to the initial disclosures, Federal Rule of Civil Procedure 26(a) provides in relevant parts as follows:

(a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnity or reimburse for payments made to satisfy the judgment.

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5425-500/Isadzhanyan (Leslie v. Alaberdyan)

3

Local Bankruptcy Rule 7026-1(a)(1) further provides: "<u>Notice</u>.  The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required." This Notice is being served in accordance with said rule.

**PLEASE REFER TO LOCAL BANKRUPTCY RULE 7026-1, FEDERAL RULE OF BANKRUPTCY PROCEDURE 7026 AND FEDERAL RULE OF CIVIL PROCEDURE 26 FOR FURTHER INFORMATION.**

Respectfully submitted,

**SHULMAN HODGES & BASTIAN LLP**

DATED: December 12, 2018    By:    /s/ Brandon J. Iskander
Leonard M. Shulman
Lynda T. Bui
Brandon J. Iskander
Attorneys for Plaintiff Sam S. Leslie
Chapter 7 Trustee for the bankruptcy estate of
Levon Isadzhanyan

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5425-500/Isadzhanyan (Leslie v. Alaberdyan)

4


# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF EARLY MEETING OF COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 7026-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 12, 2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **COUNSEL FOR CHAPTER 7 TRUSTEE/PLAINTIFF: Brandon J Iskander** biskander@shbllp.com, ncarlson@shbllp.com
- **INTERESTED PARTY: United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 12, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **Judge's Copy**<br>Honorable Sheri Bluebond<br>U.S. Bankruptcy Court<br>Roybal Federal Building<br>255 E. Temple Street, Suite 1534<br>Los Angeles, CA 90012 | **Defendants**<br>Nina Alaberdyan<br>3036 Trudi Ln<br>Burbank, CA 91504-1643 |
|---|---|

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 12, 2018 | Nicole Carlson | */s/ Nicole Carlson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**